**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

SCOTT E. KING,

      Plaintiff,

         CASE NO.: 8:16cv 3512 T27 A EP

v.

         **JURY TRIAL DEMANDED**

FINANCIAL CORPORATION OF AMERICA,

      Defendant.

_____/

## COMPLAINT

Plaintiff, Scott E. King, by and through undersigned counsel, hereby files this Complaint against Defendant, Financial Corporation of America, and states as follows:

### PRELIMINARY STATEMENT

1.    Plaintiff brings this action pursuant to 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"), Fla. Stat. § 559.55 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA"), and 47 U.S.C. § 227 *et seq.*, the Telephone Consumer Protection Act ("TCPA").

2.    Defendant was made aware that Plaintiff was treated at Sarasota Memorial Hospital for a Workers' Compensation related injury.

3.    Despite having knowledge and receiving notice that Plaintiff was treated for Workers' Compensation related injuries, Defendant continued to attempt to collect a debt (the "Debt") directly from the Plaintiff for services related to the Workers' Compensation related injuries, in violation of Florida and federal law.

4.    Plaintiff seeks damages, costs and attorney's fees from Financial Corporation of America for the above violations.

1

## JURISDICTION AND VENUE

5.     Federal subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331, as Plaintiff brings a claim under the FDCPA, 15 U.S.C. 1692 *et seq*., and the TCPA, 47 U.S.C. § 227 *et seq*. Supplemental jurisdiction exists over the state law claims pursuant to 28 U.S.C. § 1367.

6.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims and injuries occurred in the Middle District of Florida. Plaintiff suffered the injury in Manatee County, Florida.

## PARTIES

7.     Plaintiff, Scott E. King ("Plaintiff" or "Mr. King"), is a natural person who resides in Manatee County, Florida.   Plaintiff is a "consumer," as that term is defined by Fla. Stat. § 559.55(8), and is a "person" as that term is used under 47 U.S.C. § 447 *et seq*. Plaintiff is also an "employee" as that term is defined by Fla. Stat. § 440.02(15); engaged in "employment" as that term is defined by Fla. Stat. § 440.02(17); and suffered an "injury" as that term is defined by Fla. Stat. § 440.02(19).

8.     Defendant, Financial Corporation of America ("FCA" or "Defendant"), is a corporation that is headquartered in Texas and does business in the State of Florida. FCA is also a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(7), and is a "person" as that term is used under 47 U.S.C. § 447 *et seq.*

9.     The Defendant's communications set forth below are wholly without excuse.

10.     At all times mentioned herein, the agent(s) or employee(s) of Defendant were acting within the course and scope of such agency or employment and were acting with the consent, permission, and authorization of Defendant.

## FACTUAL ALLEGATIONS

11.     Plaintiff was employed as a police officer for the City of St. Petersburg.

12.     Plaintiff was diagnosed with coronary artery disease on June 20, 2013, by the City of St. Petersburg Workers' Compensation Division.

13.     As a result of this diagnosis, Mr. King sought medical treatment at Sarasota Memorial Hospital.

14.     At the time of treatment, Mr. King informed Sarasota Memorial Hospital that the injuries were work related and that Mr. King was to be treated under Workers' Compensation.

15.     The Alleged Debt arose from medical treatment that was to be paid pursuant to Florida's Workers' Compensation scheme; therefore, the Alleged Debt is a "debt" as defined by 15 U.S.C § 1692a(5) and Fla. Stat. § 559.55(6).

16.     Section 440.13(3)(g), Florida Statutes, states that "[t]he employee is not liable for payment for medical treatment or services provided pursuant to this section except as otherwise provided in this section."

17.     Further, Section 440.13(14)(a), Florida Statutes, states that "[a] health care provider may not collect or receive a fee from an injured employee within this state, except as otherwise provided by this chapter."

18.     Despite the Florida statutes forbidding Defendant from seeking to collect the debt directly from the patient and despite having actual knowledge that the injury was work related and was to be billed pursuant to Workers' Compensation, Defendant attempted to collect the medical debt directly from Mr. King.

3

19.     Beginning approximately in January 2016, Defendant began calling Mr. King's home phone and cell phone attempting to collect a debt on behalf of Sarasota Memorial Hospital (the "Alleged Debt"). Defendant called Mr. King from at least the following telephone numbers: (512) 719-7500 and (800) 880-2056.

20.     Mr. King told representatives of Defendant that his injuries were to be billed under Workers' Compensation, told Defendant to stop calling, gave Defendant his Workers' Compensation claim number, and gave Defendant the name and contact information for his Workers' Compensation attorney, Tonya Oliver, Esq.

21.     Nevertheless, despite having knowledge that Mr. King's treatment was to be billed under Workers' Compensation, despite having knowledge that Mr. King was represented by an attorney, and despite that Mr. King told Defendant to stop calling him, Defendant continued to attempt to collect the Alleged Debt by calling Mr. King's home phone and cell phone.

22.     On February 7, 2016, Mr. King answered a call from Defendant. He spoke to a representative named Monica who told him that the notes for his account showed that his claim was not covered by Workers' Compensation. Mr. King told Monica that the information reflected in Defendant's system was incorrect but Monica refused to listen to him.

23.     Defendant continued to call Mr. King every Monday night between 6:30 p.m. and 7:30 p.m. from the beginning of January until the end of February. At the end of February, Defendant began calling Mr. King every Friday.

24.     In approximately the third week of March 2016, Mr. King received a telephone call from a representative named Deloris. Mr. King attempted to tell Delores that the Alleged Debt was covered under worker's compensation and tried to give Delores the name and contact information of his attorney. However, Delores hung up on Mr. King.

25.     Mr. King immediately called back and spoke to a representative named Brianna. Mr. King asked Brianna to speak to a supervisor. Brianna transferred Mr. King to a supervisor named Daphne who apologized for Mr. King's previous conversations with Defendant's representatives. After this telephone conversation, Defendant stopped calling Mr. King's home phone and cell phone.

26.     Defendant placed the calls to Mr. King's cell phone using an automated telephone dialing system without Mr. Kings' express consent. This was evidenced by the fact that Defendant left pre-recorded messages on Mr. King's cell phone.

27.     The incentives to continue harassing individuals who suffered work related injuries covered by Workers' Compensation who do not owe Defendant any monies are obvious: by illegally seeking to have these injured individuals make payments for treatment covered by Workers' Compensation, Defendant is reaping additional monetary awards which are not owed by these individuals.

28.     As detailed below, that conduct constitutes a violation of the FDCPA, FCCPA, and the TCPA.

**COUNT I**

**VIOLATION OF THE FDCPA BY DEFENDANT FCA**

29.     This is an action against Defendant for violation of 15 U.S.C. § 1692 *et seq*.

30.     Plaintiff re-alleges and incorporates paragraphs 1 through 28, as if fully set forth herein.

31.  Through the conduct described above, Defendant violated the following provisions of the FDCPA:

### 15 U.S.C. § 1692c(2)

Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt –

>  (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer.

### 15 U.S.C. § 1692d

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

### 15 U.S.C. § 1692e

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

### 15 U.S.C. § 1692f

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

32.  As a result of Defendant's violation of the FDCPA, Plaintiff is entitled to: (a) actual damages pursuant to 15 U.S.C. § 1692k(a)(1); (b) statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A); (c) reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1692k(a)(3); and (d) all other relief Plaintiff is entitled to under the law.

33.  All conditions precedent to this action have occurred, have been satisfied, or have been waived.

**WHEREFORE,** Plaintiff respectfully requests this Court enter a judgment in Plaintiff's favor finding that Defendant has violated the FDCPA; awarding Plaintiff actual damages, statutory damages, attorneys' fees and costs, together with any and all such further relief as is deemed necessary or appropriate.

**COUNT II**

**VIOLATION OF THE FCCPA BY DEFENDANT FCA**

34.     This is an action against Defendant for violation of Fla. Stat. § 559.55 *et seq.*

35.     Plaintiff re-alleges and incorporates paragraphs 1 through 28, as if fully set forth herein.

36.     Defendant communicated, directly and/or indirectly, certain information to Plaintiff as set forth above, which constitutes "communication" as defined by Fla. Stat. § 559.55(6).

37.     Fla. Stat. § 559.72 provides, in pertinent part:

> In collecting consumer debts, no person shall:
>
> (7)     Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.
>
> (9)     Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.
>
> (18)     Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.

38.     Through its conduct, described above, Defendant directly and through its agents violated the above sections of the FCCPA.

39.     All conditions precedent to this action have occurred, have been satisfied, or have been waived.

40.     Pursuant to Fla. Stat. § 559.77(2), as a result of the above violations of the FCCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs.

41.     Based upon the willful, intentional, knowing, malicious, repetitive, and continuous conduct of Defendant as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

**WHEREFORE**, Plaintiff, on behalf of himself and all others similarly situated, respectfully requests this Court enter a judgment against Defendant, finding that Defendant violated the FCCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## COUNT III

### VIOLATIONS OF THE TCPA BY DEFENDANT FCA

42.     This is an action against Defendant for violations of the TCPA, 47 U.S.C. § 227 *et seq.*

43.     Plaintiff re-alleges and reincorporates paragraphs 1 through 28, as if fully set forth herein.

44.     Defendant, in the conduct of its business, used an automatic telephone dialing system defined by 47 U.S.C. § 227(a)(1)(A) to communicate with Plaintiff.

45.  Section 47 U.S.C. § 227(b)(1)(A)(iii) provides in pertinent part:

It shall be unlawful for any person within the United States --

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone system or an artificial or prerecorded voice --

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

46.  Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing calls to Plaintiff's cell phone using an automatic telephone dialing system without Plaintiff's express consent.

47.  Defendant willfully, knowingly, and intentionally made multiple calls to Plaintiff's cell phone utilizing an automatic telephone dialing system after Plaintiff told Defendant that Defendant did not have permission to call Plaintiff's cell phone.

48.  All conditions precedent to this action have occurred, have been satisfied, or have been waived.

49.  As a result of the above violation of the TCPA, Defendant is liable to Plaintiff for actual damages, or the amount of $500.00 as damages for each violation, whichever is greater, pursuant to the TCPA, 47 U.S.C. § 227(b)(3)(B).

50.  Based upon the willful, knowing, and intentional conduct of Defendant as described above, Plaintiff is also entitled to an increase in the amount of the award to treble the damages amount available under 47 U.S.C. § 227(b)(3)(B), in accordance with 47 U.S.C. § 227(b)(3).

**WHEREFORE**, Plaintiff respectfully requests this Court enter a judgment against Defendant: (1) finding that Defendant violated the TCPA; (2) awarding Plaintiff actual damages or the amount of $500.00 in damages for each violation, whichever is greater; (3) finding that Defendant willfully, knowingly, and intentionally violated the TCPA and increasing the damages award to treble the amount of damages otherwise to be entered as a judgment; and (4) awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. Amend. 7 and Fed. R. Civ. P. 38.

Dated: December 28, 2016                    Respectfully Submitted,

**CENTRONE & SHRADER, PLLC**
612 W. Bay St.
Tampa, Florida 33606
Phone: (813) 360-1529
Fax:     (813) 336-0832

**BRIAN L. SHRADER, ESQ.**
Florida Bar No. 57251
e-mail: bshrader@centroneshrader.com
**GUS M. CENTRONE, ESQ.**
Florida Bar No. 30151
e-mail: gcentrone@centroneshrader.com
**PAMELA N. WESTFALL, ESQ.**
Florida Bar No. 106230
e-mail: pwestfall@centroneshrader.com
**Attorneys for Plaintiff**